Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 cv 5026 | **DATE** | August 23, 2010 |
| **CASE TITLE** | ROBERT R. RITZ III v. LAKE COUNTY ILLINOIS, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to clarify and for an extension of time [95] is granted. Defendants Mark Curran and Scott Fitch are dismissed from Plaintiff's state law claims because they are entitled to qualified immunity.

## STATEMENT

On May 21, 2010, I dismissed Plaintiff's Section 1983 claims as to Defendants Scott Fitch ("Fitch"), Lake County, Sheriff Mark Curran ("Curran"), and Health Professionals Ltd., dismissed Plaintiff's state law third-party beneficiary claim in its entirety, and denied Defendants' motions to dismiss Plaintiff's state law claims as to medical malpractice and intentional infliction of emotional distress. Defendants Lake County, Curran and Fitch now seek clarification regarding whether or not the state law claims against them remain and argue that they are immune to any state law claim pursuant to the Illinois Local Governmental and Governmental Employee Tort Immunity Act ("Tort Immunity Act"), 745 IL. COMP. STAT. 10/2-201, 745 IL. COMP. STAT. 10/4-103, 745 IL. COMP. STAT. 10/-105. If Plaintiff's state law claims remain against Defendants, they request additional time to file an answer. For the following reasons Defendants Curran and Fitch are dismissed from Plaintiff's state law claims because they are entitled to qualified immunity.

With limited exceptions, the Tort Immunity Act provides that "a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of discretion." 745 IL. COMP. STAT. 10/2-201. "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such a facility is provided, for failure to provide sufficient equipment, personnel, supervision, or facilities therein." 745 IL. COMP. STAT. 10/4-103. Furthermore, a public employee is not liable for injuries proximately caused by the employee's failure to obtain medical care for a prisoner in his custody unless the employee "knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care." 745 IL. COMP. STAT. 10/4-105.

# STATEMENT

The Tort Immunity Act applies to sheriffs because they are public employees making policy determinations regarding their respective jails. *Thiele v. Kennedy*, 309 N.E.2d 394, 396 (Ill. App. Ct. 1974); *Gardner v. Jefferson County, Ill.*, No. 08 C 1275, 2008 WL 2357652, at* 2 (N.D.Ill. June 5, 2008). This immunity, however, is conditioned upon the sheriff's exercise of good faith and does not extend to acts with "corrupt or malicious motives." *Thiele*, 309 N.E.2d at 396; *Gardner*, 2008 WL 2357652 at* 2. Plaintiff does not allege that Curran acted with a malicious or corrupt purpose in enacting certain policies in his Second Amended Complaint. Accordingly, Curran is entitled to immunity as to Plaintiff's state law claims for these policy decisions.

Fitch, identified in the Second Amended Complaint as "an officer, agent, and employee of the Defendant County and Defendant's Sheriff's Office," is also entitled to immunity pursuant to the Tort Immunity Act. Fitch served as a Health Services Coordinator at the Lake County Jail, and his role was to monitor the contract between HPL and the Lake County Jail. The Tort Immunity Act provides that no public employee shall be liable for failing to "provide sufficient equipment, personnel, supervision, or facilities." 745 IL. COMP. STAT. 10/4-103. Plaintiff's complaint, however, does not name Fitch in the failure to monitor state claims.

Plaintiff does allege that Fitch denied him necessary medical care and intentionally inflicted his emotional distress. A public employee is not liable "for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody" unless "the employee, acting within the scope of his employment, knows from his observation of conditions that the prisoner is in need of immediate medical care and, through willful and wanton conduct, fails to take reasonable action to summon medical care." 745 IL. COMP. STAT. 10/4-105. Under Illinois law, a defendant's acts are "willful and wanton" when they are "committed with actual or deliberate intention to harm or with utter indifference to or conscious disregard for the safety of others." *Breck v. Cortez*, 490 N.E.2d 88, 94 (1986).

According to the Second Amended Complaint, Fitch was informed of Plaintiff's postoperative condition on September 7, 2007. Upon being informed of Plaintiff's condition, Fitch spoke to the Director of Nursing, David Padilla, about Plaintiff's medical needs. The Second Amended Complaint, however, does not allege that Fitch was informed of Plaintiff's condition following September 7. Instead, Plaintiff alleges that Dr. Garoon advised "the Defendants, including HPL's nurses and Dr. Vallury" of Plaintiff's specific needs. Dr. Garoon examined Plaintiff on October 4, 2007, and on October 10, 2007 Judge Bridges entered an Order requiring the Lake County Jail to comply with Defendant's diabetic and postoperative needs. A second Order was entered on October 15, 2007 requesting Fitch to provide the court with a status on Plaintiff's health. Fitch reported to the court on October 16, 2007, and thereafter made arrangements for Plaintiff's follow-up treatment. On October 23, 2007 Plaintiff filed a grievance indicating that he was still not receiving proper medical care. On November 1, 2007 the grievance was denied. The grievance was denied and never processed because it did not comply with the provisions of the inmate grievance system. Plaintiff underwent two additional surgeries in late 2007 (the complaint does not specify the dates of these two surgeries.)

Taking these allegations in the light most favorable to the Plaintiff, I do not find that Plaintiff has pled facts sufficient to show that Fitch ignored his immediate medical need through willful and wanton conduct. Upon learning of Plaintiff's condition in September Fitch took action to facilitate Plaintiff's medical needs. Plaintiff has not alleged any facts to show that Fitch had any knowledge of Plaintiff's lack of medical attention until his October court date, after which he began to arrange a second surgery. Nor does the Plaintiff allege facts to show that Fitch intentionally delayed Plaintiff's second surgery. Additionally, Plaintiff's grievance was not processed because it did not comply with procedural requirements. Plaintiff has

| STATEMENT |
|---|
| not alleged facts to show that Fitch was involved in the grievance's denial, nor that he was even aware of its filing. Because I do not find Fitch's conduct wilful and wanton, he is entitled to qualified immunity under the Tort Immunity Act. As no claims remain as to Curran or Fitch, Lake County is not a necessary or indispensable party to this litigation. *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).<br><br>    For the foregoing reasons, Defendants Mark Curran and Scott Fitch are dismissed from Plaintiff's state law claims because they are entitled to qualified immunity. |